**SHERMAN, TAFF AND BANGERT, P.C., Respondent,**

v.

**CLARK EQUIPMENT COMPANY, Appellant.**

No. WD 62503.

Missouri Court of Appeals, Western District.

March 2, 2004.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 27, 2004.

Application for Transfer Denied May 25, 2004.

George P. Coughlin, Kansas City, for Appellant.

Lloyd Messick, Kansas City, for Respondent.

PAUL M. SPINDEN, Judge.

Clark Equipment Company is balking at paying more than $96,000 in attorney fees and interest to law firm, Sherman, Taff and Bangert, P.C. Clark Equipment asserts that, although Wayne Taff, a member of the law firm, represented it in three lawsuits, another company—Clark Material Handling, a former subsidiary corporation—had hired Taff in fulfillment of its indemnity agreement with Clark Equipment and was responsible for the bill. The law firm sued Clark Equipment for breach of contract and, alternatively, for *quantum meruit.* The circuit court rejected Clark Equipment's contention and issued judgment for Sherman, Taff and Bangert. We affirm the circuit court's judgment.

Resolution of this case turns on whether the law firm presented sufficient evidence to support the circuit court's judgment. Unless the judgment is not supported by substantial evidence or is against the weight of the evidence or erroneously declares or applies the law, we are obligated to affirm it. *Farmers' Electric Cooperative, Inc. v. Missouri Department of Corrections,* 59 S.W.3d 520, 522 (Mo. banc 2001). In reviewing the sufficiency of evidence issue, we view all evidence in a light that supports the circuit court's judgment and disregard all contrary evidence. *Id.*

The law firm presented evidence that, between 1981 and 2000, Taff represented Clark Equipment in a number of lawsuits involving industrial trucks—commonly called forklifts although not all industrial trucks are forklifts—manufactured by the corporation. Taff worked with Clark Equipment's associate general counsel, David Field, who managed all of the corporation's lawsuits involving industrial trucks. Field had full authority to act as Clark Equipment's agent in assigning cases to Taff, in managing the cases and in signing discovery responses for Clark Equipment. In most of the lawsuits, Field served as Clark Equipment's representative. In the cases at issue in this lawsuit—which the parties referred to as Wagner, Davala, and Harrison—Field assigned the cases to Taff to represent Clark Equipment, and the two had worked together in the same way as they had in all previous cases. Taff, as he always had previously, sent his attorney fee bills to Fields.

Unknown to Taff, Clark Equipment reorganized before he began defending it in the Wagner, Davala, and Harrison cases. In 1992, Clark Equipment spun off its industrial truck division to a subsidiary, Clark Material Handling Company. Clark Equipment transferred all the assets and liabilities of its industrial truck business to Clark Material Handling, and Clark Material Handling agreed to indemnify Clark Equipment from losses related to industri-

al trucks manufactured by Clark Equipment before the spin-off. Field left Clark Equipment to become a part of Clark Material Handling's staff.

Although Taff noticed that Field's letterhead changed from Clark Equipment to Clark Material Handling, he did not attach any significance to the change because Clark Equipment had referred to the division manufacturing industrial trucks as the material handling division and because Field's office remained in Lexington, Kentucky, where it had always been. Taff did not know until 1999 or 2000 that Clark Material Handling was a separate corporation from Clark Equipment. He testified that no one told him about the reorganization.

Clark Equipment Company accuses the circuit court with several points of error. One of those was that the circuit court erred in granting judgment for Taff's law firm because the firm had not presented sufficient evidence concerning the scope of Field's acting as agent for Clark Equipment to support the circuit court's ruling that Field had authority to bind Clark Equipment to a contract to pay Taff's attorney fees. We disagree. Because we reach this conclusion, we need not concern ourselves with Clark Equipment's other contentions of error.

■■■ A principal is responsible for its agents' acts and agreements that are within the agent's authority, whether the authority is actual or apparent. *Cook v. Polineni,* 967 S.W.2d 687, 691 (Mo.App. 1998). When an alleged agent's conduct causes a third party to believe reasonably that the person has authority to act for another, and the alleged principal has reason to know of the alleged agent's conduct and allows it, a third person may reasonably conclude that the conduct is authorized. This is apparent authority. As the Supreme Court has instructed, "Apparent authority may be created by virtue of 'position if a principal puts an agent into, or knowingly permits the agent to occupy a position in which according to ordinary habits of persons in the locality, trade or profession, it is usual for that agent to have a particular kind of authority.'" *Graue v. Missouri Property Insurance Placement Facility,* 847 S.W.2d 779, 783 (Mo. banc 1993) (quoting *Utley Lumber Company v. Bank of the Bootheel,* 810 S.W.2d 610, 612 (Mo.App.1991)).

■■■ Before 2000, on many occasions during almost 20 years, Field had acted as Clark Equipment's agent in assigning cases to Taff. Clark Equipment does not deny that Field had actual authority, but asserts in this case that the agency ended when Clark Material Handling was spun off from it. A principal, however, has a duty to notify third parties who have dealt with the principal's agent that the agency has been terminated. *Skates v. Preferred Fire Insurance Company,* 481 S.W.2d 628, 631 (Mo.App.1972). If it does not, the principal will be bound by its former agent's acts if the third party continues to deal with the former agent as the principal's representative in ignorance of the termination. *Id. See also Brannaker v. Transamerican Freight Lines, Inc.,* 428 S.W.2d 524, 531–32 (Mo.1968).

Hence, even if Clark Equipment is correct in its assertion that Field was no longer its agent when it hired Taff, Clark Equipment remains liable because, considering the evidence in a light favorable to Taff, it did not inform Taff of the termination. Nothing Field did in working with Taff changed after the spin-off. Without someone's informing Taff that Field was no longer acting on Clark Equipment's behalf in managing Clark Equipment's litigation, Taff had no reasonable basis for discerning it from Field's acts. Taff mate-

rially altered his position to his detriment in reliance on Field's apparent authority.

Clark Equipment makes much of evidence that suggested that Field exceeded his authority by hiring Taff in these three cases. The circuit court, however, was the fact finder and was free to disbelieve the evidence. *Mehra v. Mehra,* 819 S.W.2d 351, 353 (Mo. banc 1991).

We, therefore, affirm the circuit's judgment.

THOMAS H. NEWTON, Presiding Judge, and PATRICIA A. BRECKENRIDGE, Judge, concur.