# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2673

_____

Kathy St. Clair,                          *
                                          *
                Appellant,          *
                                          *
                                          *   Appeal from the United States
     v.                             *   District Court for the
                                          *   Western District of Missouri.
                                          *
Fred Spigarelli, P.C., doing business as  *
Spigarelli Law Firm; Carlton Kennard,     *   [UNPUBLISHED]
                                          *
             Appellees.          *

_____

Submitted: September 25, 2009
Filed: October 20, 2009

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Kathy St. Clair filed a petition in the Circuit Court of Jackson County in Kansas City, Missouri, claiming that Fred Spigarelli, P.C. and Carlton Kennard committed legal malpractice with respect to her medical negligence case. Defendants filed a notice of removal in the Kansas City Division of the District Court for the Western District of Missouri, citing 28 U.S.C. §§ 1332, 1441, and 1446. Defendants then moved to transfer venue to the Southwestern Division, citing the district court's Local Rule 3.2(a)(3) and asserting that venue in the Kansas City Division was improper. They maintained that the proper venue for a legal malpractice claim under Missouri law is the venue where the underlying case would have been filed; here, the alleged

medical negligence occurred in Jasper County, Missouri; and Jasper County is encompassed within the Southwestern Division of the Western District of Missouri.

The district court concluded that the Local Rules did not authorize it to transfer venue in a removal case. Finding that St. Clair had not alleged facts that showed Jackson County was the proper venue in which to file her legal malpractice petition, the court dismissed her case without prejudice to allow her to file it in the proper venue. St. Clair appeals.

We conclude that dismissing the removed case on the basis of a state law venue defect was error. The Missouri circuit court had jurisdiction regardless of whether venue was proper, for in that state "proper venue is no longer a prerequisite to personal jurisdiction." State ex rel. DePaul Health Center v. Mummert, 870 S.W.2d 820, 821 (Mo. 1994). Moreover, a state law venue defect is not grounds for dismissal of a removed action. Hollis v. Fla. State Univ., 259 F.3d 1295, 1298-1300 (11th Cir. 2001) (agreeing with North Dakota v. Fredericks, 940 F.2d 333, 335-36 (8th Cir. 1991), that the doctrine of derivative jurisdiction is abrogated under § 1441(f). Cf., PT United Can Co. Ltd. v. Crown Cork & Seal Co., Inc., 138 F.3d 65, 72-73 (2d Cir. 1998)).

Title 28 U.S.C. § 1441(a) governs the venue of removed actions, see Polizzi v. Cowles Magazines, Inc., 345 U.S. 663, 665-66 (1953), and authorizes removal to the district court for the district and division embracing the place where the state court action is pending. Thus, venue was proper in the district court. We note, however, that a change of venue is possible. See 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.").

Accordingly, we reverse the dismissal and remand for further proceedings consistent with this opinion.

_____