# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3676

_____

Joseph Hamilton,      *

     *

     Plaintiff - Appellant,      *

     *    Appeal from the United States

     v.      *    District Court for the

     *    Eastern District of Missouri.

Gregory Palm; Toni Palm,      *

     *

     Defendants - Appellees.      *

_____

Submitted:  May 18, 2010
Filed: September 20, 2010

_____

Before LOKEN, BYE, and SHEPHERD, Circuit Judges.

_____

LOKEN, Circuit Judge.

Joseph Hamilton filed this diversity negligence action, alleging that he fell and was seriously injured doing roofing work and constructing an addition on property owned by Gregory and Toni Palm in Chesterfield, Missouri.  The Palms moved to dismiss, arguing that Hamilton may not recover on his claim as an independent contractor based on the inherently-dangerous-activity theory of landowner liability.  Hamilton responded that he was not suing as an independent contractor; the complaint alleged he was "employed" by the Palms and set forth facts showing he was entitled to recover for his employers' failure to provide a safe workplace.  The Palms replied that Hamilton did not adequately plead a master-servant relationship necessary to establish employer liability.  The district court agreed and dismissed the complaint

because Hamilton "merely alleges generally that he was Defendants' employee and has not alleged facts to plausibly support such a conclusion." Concluding this was an unwarranted extension of the pleading standards of <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), and <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937 (2009), we reverse.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim showing that the pleader is entitled to relief." <u>Twombly</u> and <u>Iqbal</u> did not abrogate the notice pleading standard of Rule 8(a)(2). Rather, those decisions confirmed that Rule 8(a)(2) is satisfied "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 129 S. Ct. at 1949; <u>see</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007). However, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." <u>Iqbal</u>, 129 S. Ct. at 1949, quoting <u>Twombly</u>, 550 U.S. at 570. A pleading that merely pleads "labels and conclusions," or a "formulaic recitation" of the elements of a cause of action, or "naked assertions" devoid of factual enhancement will not suffice. <u>Id.</u>, quoting <u>Twombly</u>. Determining whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Id.</u> at 1950.

Under Missouri law, to establish a common law claim of employer liability, Hamilton must prove that the Palms negligently breached the employer's duty to maintain a safe workplace, and that this negligence was the direct and proximate cause of Hamilton's injuries. <u>Hannah v. Mallinckrodt, Inc.</u>, 633 S.W.2d 723, 724 (Mo. banc 1982). The only element of this claim here at issue is whether Hamilton's complaint sufficiently alleged that the Palms were his employers. Thus, we must consider how the general principles of <u>Twombly</u> and <u>Iqbal</u> apply to the pleading of a recurring common law issue -- whether a party was an employee or an independent contractor at the time in question.

We conclude that, to answer this question, we need look no further than Rule 84 of the Federal Rules of Civil Procedure, which provides, "The forms in the Appendix [to the Rules] suffice under these rules . . . ." The rules referred to obviously include Rule 8(a)(2). The Appendix includes Forms 11-13, which set forth prototypes of various negligence complaints. Form 13, entitled "Complaint for Negligence Under the Federal Employers' Liability Act," includes the following allegation: "4. During this work, the defendant, *as the employer*, negligently put the plaintiff to work . . . ." (Emphasis added.) The district court considered Form 13 irrelevant because it applies to F.E.L.A. claims by railroad workers. But that overlooks Form 13's broader significance. As incorporated by Rule 84, Form 13 makes clear that an allegation in *any* negligence claim that the defendant acted as plaintiff's "employer" satisfies Rule 8(a)(2)'s notice pleading requirement for this element. Here, consistent with Form 13, Hamilton alleged that he was "employed" by the Palms. Rule 84 and Form 13 may only be amended "by the process of amending the Federal Rules, and not by judicial interpretation." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 515 (2002) (quotation omitted), distinguished in Twombly, 550 U.S. at 569-70. Therefore, the district court erred in concluding that Hamilton's allegation of employee status, however facially conclusory it might appear to be in the abstract, failed to satisfy Rule 8(a)(2).

Even if this issue were not governed by Rule 84 and Form 13, we would conclude that Hamilton's complaint plausibly alleged a claim of employee status. Whether a party was an employee or an independent contractor is a legal issue frequently litigated in a variety of contexts. The Restatement (Second) of Agency § 2(2) defines a "servant" as an agent "whose physical conduct in the performance of the service is controlled or is subject to the right to control by the master." In determining whether a person is an employee or an independent contractor, § 220 repeats this control standard and then lists ten non-inclusive "matters of fact" to be considered. Restatement (Second) of Agency § 220(2). The Missouri appellate courts apply these standards. See, e.g., Skidmore v. Haggard, 110 S.W.2d 726, 729-30 (Mo.

1937); <u>Trinity Lutheran Church v. Lipps</u>, 68 S.W.3d 552, 559 (Mo. App. 2001). Thus, under Missouri law, the critical right-to-control issue is affected by many factors "none of which is in itself controlling." <u>Howard v. Winebrenner</u>, 499 S.W.2d 389, 395 (Mo. 1973).[1] Common sense and judicial experience counsel that pleading this issue does not require great detail or recitation of all potentially relevant facts in order to put the defendant on notice of a plausible claim.

Here, in addition to alleging that he was "employed," Hamilton alleged that the Palms provided unsafe tools and equipment and failed to provide "appropriate tools and safety equipment . . . for the work [they] hired [him] to perform," and that he "perform[ed] the aforementioned inherently dangerous work as directed by [the Palms]." Though far from comprehensive or conclusive, these allegations were sufficient to raise a plausible inference that Hamilton was the Palms' employee under the multi-factor test set forth in Restatement § 220(2) as applied by the Missouri courts. The Palms argue that "the few facts [Hamilton] alleged -- that he, a Colorado resident, was hired for a specific construction project at [their] residence in Missouri -- indicate an independent contractor relationship." But even if true, that does not make the pleading insufficient under Rule 8(a)(2). A plaintiff need only allege facts that permit the reasonable inference that the defendant is liable, even if the complaint "strikes a savvy judge that actual proof of the facts alleged is improbable" and recovery "very remote and unlikely." <u>Braden v. Wal-Mart Stores</u>, 588 F.3d 585, 594 (8th Cir. 2009) (quotation omitted). Here, as with many claims that ultimately turn on this issue, Hamilton's complaint raised plausible inferences of both employee and independent contractor status. Which inference will prove to be correct is not an issue to be determined by a motion to dismiss.

---

[1]In applying federal statutes that do not prescribe a different standard, the Supreme Court has likewise adopted a multi-factor common law test derived primarily from § 220(2) of the Restatement. <u>See</u> <u>Ernster v. Luxco, Inc.</u>, 596 F.3d 1000, 1003-04 (8th Cir. 2010), and cases cited.

Our ruling that Hamilton has adequately alleged employee status is in no way intended to signal that he will ultimately recover on his claim of employer negligence. To prevail, he must prove every element of that claim, including employee status, and he will no doubt need to defeat an affirmative defense that the Missouri workers' compensation statute provides the exclusive remedy for his injuries. See Mo. Rev. Stat. § 287.120(2); McCracken v. Wal-Mart Stores East, LP, 298 S.W.3d 473, 479 (Mo. banc 2009) (workers' compensation exclusivity is an affirmative defense that may not be raised in a motion to dismiss) .

The judgment of the district court is reversed and the case is remanded for further proceedings not inconsistent with this opinion.

_____