# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

———————

No. 11-1907

———————

Joseph Hamilton,                          *
                                          *
            Appellant,                    *   Appeal from the United States
                                          *   District Court for the Eastern
     v.                                   *   District of Missouri.
                                          *
Gregory Palm; Toni Palm,                  *          [UNPUBLISHED]
                                          *
            Appellees.                    *

———————

Submitted: November 22, 2011
    Filed:   December 14, 2011

———————

Before LOKEN, BYE, and SHEPHERD, Circuit Judges.

———————

PER CURIAM.

In this diversity damage action, Joseph Hamilton sued Gregory and Toni Palm for injuries incurred when Hamilton fell while performing roofing work on the Palms' property. The critical issue under Missouri law is whether Hamilton was working as the Palms' employee, as he alleged, or as an independent contractor. The district court initially dismissed the complaint, concluding Hamilton had not plausibly alleged employee status. We reversed and remanded for further proceedings, concluding the "complaint raised plausible inferences of both employee and independent contractor status" that should not be determined by a motion to dismiss. Hamilton v. Palm, 621 F.3d 816, 819 (8th Cir. 2010). On remand, after full

discovery, the district court[1] granted the Palms summary judgment, concluding "that the undisputed facts establish that [Hamilton] was not an employee of the Palms." Hamilton appeals, arguing that genuine issues of material fact preclude summary judgment on this issue.

As the district court recognized, in determining whether a person acted as an employee or as an independent contractor, Missouri courts apply the multi-factor common law test set forth in Restatement (Second) of Agency § 220, under which "the critical right-to-control issue is affected by many factors 'none of which is itself controlling.'" Hamilton, 621 F.3d at 818, citing Howard v. Winebrenner, 499 S.W.2d 389, 395 (Mo. 1973). Whether that ultimate issue is one of fact or of law has engendered considerable debate in various contexts. See Ernster v. Luxco, Inc., 596 F.3d 1000, 1004-07 (8th Cir. 2010). Missouri courts quite clearly consider it an issue of fact, but one that is often suitable for summary judgment resolution. See Trinity Lutheran Church v. Lipps, 68 S.W.3d 552, 559 (Mo. App. 2001). This is consistent with a Restatement comment that, if its multiple relevant factors provide a clear inference that there was, or was not, an employer-employee relationship, the issue is properly determined by the court. Restatement § 220 cmt. c.

Here, the district court applied the undisputed facts to the relevant Restatement factors and concluded that summary judgment was appropriate. Having reviewed this determination *de novo*, we agree for the reasons stated in the court's thorough Memorandum Opinion. Accordingly, we affirm. See 8th Cir. R. 47B.

_____

[1]The Honorable Mary Ann L. Medler, United States Magistrate Judge for the Eastern District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).