# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-2095
_____

International Environmental Management, Inc.

*Plaintiff - Appellant*

v.

United Corporate Services, Inc.

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City
_____

Submitted: January 12, 2017
Filed: May 26, 2017
_____

Before LOKEN, BEAM, and BENTON, Circuit Judges.
_____

LOKEN, Circuit Judge.

A foreign corporation doing business in Missouri, International Environmental Management (IEM) must designate a registered agent for service of process by filing a certificate of authority with the Missouri Secretary of State. See Mo. Rev. Stat. §§ 351.586, 351.592(1), 351.594(1). At the end of 2007, IEM changed registered agents, hiring CT Corporation Systems (CT) and terminating United Corporate

Services (UCS). However, a change of registered agent form was not filed in the Secretary of State's "active" file for IEM. In 2009, a state court process server delivered a summons and petition against IEM to UCS as registered agent. IEM defaulted, and the state court entered a default judgment and awarded plaintiffs more than $9,700,000 in damages. The Missouri Court of Appeals affirmed the denial of IEM's motion for relief from that judgment. Sieg v. Int'l Envtl. Mgmt., Inc., 375 S.W.3d 145 (Mo. App. 2012). IEM paid the default judgment and then commenced this action against UCS and CT, asserting breach of fiduciary duty, contract, and negligence claims. Defendants removed the action to the Western District of Missouri, invoking the court's diversity jurisdiction.

Both defendants moved to dismiss for failure to state a claim. The district court granted UCS's motion, dismissing all claims against it, but denied CT's motion. Two years later, after extensive discovery and motion practice, IEM and CT settled. The district court denied IEM's motion for reconsideration of the order dismissing claims against UCS and entered final judgment. IEM appeals the initial Rule 12(b)(6) dismissal and the denial of its motion to reconsider. Assuming the truth of fact allegations in IEM's Complaint, and reviewing the grant of a motion to dismiss *de novo*, we reverse dismissal of IEM's fiduciary duty claim and otherwise affirm. See OmegaGenesis Corp. v. Mayo Found. for Med. Educ. & Research, 851 F.3d 800, 802 (8th Cir. 2017) (standard of review).

## I. Background.

IEM is a Georgia corporation providing recycling and waste-reduction services for shopping malls throughout the country, including the Columbia Mall in Boone County, Missouri. In June 2006, IEM contracted with UCS, a New York corporation, to provide registered agent services in Missouri and four other States. A certificate of authority identifying UCS as IEM's registered agent was filed with the Missouri Secretary of State. In late 2007, IEM contracted with CT, a New York and Delaware

-2-

corporation, to serve as its new registered agent in Missouri and elsewhere. On November 5, 2007, CT filed a "Change of Registered Agent" form with the Missouri Secretary of State in File No. 217, an inactive IEM file, but not in File No. 488, the active IEM file. In December 2007, IEM advised UCS it was no longer IEM's registered agent in Missouri and elsewhere. UCS filed documents in other States reflecting this change but filed no notice with the Missouri Secretary of State. Consequently, the Missouri Secretary of State's website continued to list UCS as IEM's registered agent.

Ricky Sieg was injured when he received an electric shock from a trash compactor at the Columbia Mall and commenced a negligence action against IEM in 2009. A process server delivered the summons and petition in the Siegs' lawsuit to the UCS office. UCS accepted service. IEM alleges that UCS failed to deliver the service documents to IEM.[1] Lacking notice of the lawsuit, IEM defaulted. IEM alleges that it had no notice of the lawsuit until April 2011, when the Siegs' counsel contacted IEM regarding garnishment proceedings to collect the default judgment.

In its motion to dismiss, UCS argued that its contractual and fiduciary duties to IEM ceased when IEM terminated UCS as its agent; that IEM, the foreign corporation, had the duty to notify the Missouri Secretary of State of the change of registered agent; and UCS owed no post-termination fiduciary or contractual duty to IEM. The district court agreed and granted the motion to dismiss, explaining:

> [T]here was never any agreement between the parties for UCS to provide any post-termination services. . . . [A]ny fiduciary duties ended

---

[1]Discovery in IEM's lawsuit against CT, and facts recited by the Missouri Court of Appeals in Sieg, 375 S.W.3d at 149, suggest that UCS sent the summons and petition to IEM by regular mail, to an address IEM changed after terminating its registered-agent relationship with UCS. These matters outside the pleading are not relevant to our review of the Rule 12(b)(6) dismissal.

when plaintiff terminated UCS's services. Both Missouri caselaw and Missouri statutes state that it was IEM's responsibility to notify third parties and file the change of registered agent forms. . . . UCS owed no fiduciary or contractual duties to IEM after its services were terminated in December 2007.

On the eve of settlement with CT, IEM timely moved for reconsideration of the order dismissing its claims against UCS, arguing that deposition admissions by UCS's chief executive officer "show that after termination of its agency, UCS continued to act as IEM's agent and accepted service on IEM's behalf at its office and then failed to transmit that process." The district court denied reconsideration, concluding that "the duties and rules for changing registered agents are already established by statute and Missouri caselaw and it is clear that the duty to inform third parties of any changes rests with the principal and not with the former agent."

In its reply brief supporting the motion to reconsider, IEM for the first time asserted claims against UCS for bailment and conversion, but it never moved to amend its Complaint to add these claims. The court concluded that IEM's pleadings fail to state a claim for bailment or conversion, denied the motion for reconsideration, and entered final judgment granting IEM's and CT's stipulation of dismissal with prejudice and dismissing the claims against UCS. This appeal followed.

## II. Discussion.

In this diversity case, we must apply Missouri law as declared by the Supreme Court of Missouri and may not disregard decisions of the Missouri Court of Appeals. See, e.g., Council Tower Ass'n v. Axis Specialty Ins. Co., 630 F.3d 725, 728 (8th Cir. 2011). Federal pleading standards govern despite our application of state substantive law. See, e.g., Hamilton v. Palm, 621 F.3d 816, 817-18 (8th Cir. 2010).

-4-

**A. Breach of Fiduciary Duty Claim.** To state a claim for breach of fiduciary duty under Missouri law, IEM must show: (1) a fiduciary relationship existed; (2) breach; (3) causation; and (4) harm. <u>Robert T. McLean Irrevocable Tr. v. Patrick Davis, P.C.</u>, 283 S.W.3d 786, 792-93 (Mo. App. 2009).

The relation of an agent to his principal "is universally recognized as being fiduciary in nature . . . . An agent is a fiduciary with respect to matters within the scope of his agency." <u>A.G. Edwards & Sons, Inc. v. Drew</u>, 978 S.W.2d 386, 394 (Mo. App. 1998) (citation omitted). "Once an agency relationship has been established, a fiduciary relationship arises as a matter of law." <u>Emerson Elec. Co. v. Marsh & McLennan Co.</u>, 362 S.W.3d 7, 13 n.5 (Mo. 2012) (quotation omitted). Though agency is a consensual relationship, a statute can give rise to specific, limited agency duties beyond the four corners of the principal-agent contractual agreement. <u>See</u> <u>Mid-West Eng'g & Constr. Co. v. Campagna</u>, 397 S.W.2d 616, 628 (Mo. 1965).

In its Complaint, IEM alleged both a contractual agency relationship, and that UCS was IEM's registered agent. Focusing on the former, the district court concluded that IEM terminated the contractual relationship in December 2007, which ended the fiduciary as well as the contractual relationship. We agree with the court's contractual analysis, but we cannot agree that UCS's statutory duty as registered agent ended when IEM terminated the contractual relationship.

By statute in Missouri, "[t]he registered agent of a foreign corporation . . . *is* the corporation's agent for service of process, notice, or demand required or permitted by law to be served on the foreign corporation." Mo. Rev. Stat. § 351.594(1). The statutes provide that the statutory registered agent may be changed if the foreign corporation files a change document with the Secretary of State, Mo. Rev. Stat. § 351.588, which IEM and CT failed to do; or if the registered agent unilaterally files a statement of resignation with the Secretary of State, Mo. Rev. Stat. § 351.592(1), which UCS failed to do. Though the Missouri Court of Appeals decision in <u>Sieg</u> is

-5-

not controlling, we agree with its conclusion that UCS -- the last registered agent on IEM's most recent certificate of authority -- remained the registered agent for receiving service of process because that statutory agency was not revoked in accordance with the statute. 375 S.W.3d at 154, 157 n.10.

Absent a broader contractual relationship, a registered agent's fiduciary duty is limited to the duty imposed by statute. "The scope of a registered agent's agency is to receive and transmit notices and process." State ex rel. McDonald's Corp. v. Midkiff, 226 S.W.3d 119, 125 (Mo. 2007) (quotation omitted).[2] As UCS's status as IEM's statutory registered agent had not been revoked when UCS accepted service of the Sieg summons and petition, UCS was still subject to this limited fiduciary duty.

IEM's Complaint alleged that UCS as registered agent had a fiduciary duty to IEM. The Complaint plausibly pleaded the other elements of a breach of fiduciary duty claim, alleging that UCS breached its duty by accepting service of the Sieg summons and petition on IEM's behalf and failing to provide delivery or notice to IEM; that UCS's breach of duty caused IEM harm because, after UCS accepted service as IEM's registered agent, the Sieg plaintiffs made no further attempt to serve IEM; and that IEM was harmed because its lack of actual notice of the Sieg lawsuit resulted in entry of a $9.7 million default judgment. Accepting as true IEM's factual allegations, the Complaint stated a plausible claim for breach of fiduciary duty. See Preferred Physicians Mut. Mgmt. Group v. Preferred Physicians Mut. Risk, 918 S.W.2d 805, 811 (Mo. App. 1996). Accordingly, Rule 12(b)(6) dismissal of this claim must be reversed.

---

[2]UCS's website states: "It is the registered agent's job to forward [service of process] to the entity at the legal address provided to UCS in a timely, safe and secure manner so the company has as much time as possible to respond."

**B. Breach of Contract and Negligence Claims.** The district court also dismissed claims in IEM's Complaint for breach of contract and negligence. Despite appealing the dismissal order, IEM's lengthy initial brief and reply brief failed to argue the district court erred in dismissing these claims. Accordingly, IEM waived its challenge to dismissal of these claims. See Montin v. Moore, 846 F.3d 289, 295 (8th Cir. 2017). We affirm dismissal with prejudice of the breach of contract and negligence claims.

**C. Bailment and Conversion Claims.** In its reply brief in support of the motion to reconsider, IEM raised new claims for bailment and conversion. These claims were untimely -- raised on the eve of final judgment years after the district court dismissed all claims against UCS -- and were not accompanied and supported by a motion for leave to amend the Complaint. Procedurally, this was no different than another disfavored practice, a motion to alter or amend a final judgment to assert arguments or claims that could have been raised earlier. The district court surveyed IEM's initial complaint and concluded that it failed to state a claim for bailment or conversion. IEM argues the facts were there to support these new claims, but the district court correctly noted that the complaint pleaded no facts to support several required elements. There was no abuse of the district court's substantial discretion in denying the motion to reconsider. See Hagerman v. Yukon Energy Corp., 839 F.2d 407, 414 (8th Cir.), cert. denied, 488 U.S. 820 (1988) (standard of review).

That part of the district court's judgment dismissing IEM's breach of fiduciary claim is reversed, the judgment in all other respects is affirmed, and the case is remanded for further proceedings not inconsistent with this opinion.

BEAM, Circuit Judge, dissenting, in part.

I would affirm the district court's dismissal of IEM's breach of fiduciary duty claim because I agree with the district court that no fiduciary duty remained following IEM's termination of its contractual relationship with UCS in December 2007.

The court holds that UCS's statutory duty endured, at least in part, because UCS failed to unilaterally file a statement of resignation under Missouri Revised Statute § 351.592(1). Accepting that IEM terminated its contractual relationship with UCS, I discern no affirmative duty under Missouri law for a registered agent to resign its agency appointment from an already terminated position. Section 351.592 directs that a registered agent *may* resign his agency and, if so, how to do so. However, UCS could not and need not resign from a job it no longer had.

As the district court noted, the onus was on IEM under Missouri law to change its registered agent and notify third parties of that change–a task IEM appears to have (regretfully I'm sure) delegated to CT Corporation. Sherman, Taff & Bangert, P.C. v. Clark Equip. Co., 133 S.W.3d 125, 127 (Mo. Ct. App. 2004) (discussing that when an agency ends, the principal has a duty to notify third parties). Thus, at least as a statutory matter, and as between IEM and UCS, I believe no further affirmative duty remained on UCS after being discharged. There is simply no plausible statutory basis for the breach of fiduciary claim, and dismissal under Rule 12(b)(6) was appropriate.

Because this view appears to run contrary to the court's opinion on this issue, I respectfully dissent, in part.

_____