BEAM, Circuit Judge,
dissenting, in part.
I would affirm the district court’s dismissal of IEM’s breach of fiduciary duty claim because I agree with the district court that no fiduciary duty remained following IEM’s termination of its contractual relationship with UCS in December 2007.
*1127 The court holds that UCS’s statutory duty endured, at least in part, because UCS failed to unilaterally file a statement of resignation under Missouri Revised Statute § 351.592(1). Accepting that IEM terminated its contractual relationship with UCS, I discern no affirmative duty under Missouri law for a registered agent to resign its agency appointment from an already terminated position. Section 351.592 directs that a registered agent may resign his agency and, if so, how to do so. However, UCS could not and need not resign from a job it no longer had.
As the district court noted, the onus was on IEM under Missouri law to change its registered agent and notify third parties of that change—a task IEM appears to have (regretfully I’m sure) delegated to CT Corporation. Sherman, Taff & Bangert, P.C. v. Clark Equip. Co., 133 S.W.3d 125,127 (Mo. Ct. App. 2004) (discussing that when an agency ends, the principal has a duty to notify third parties). Thus, at least as a statutory matter, and as between IEM and UCS, I believe no further affirmative duty remained on UCS after being discharged. There is simply no plausible statutory basis for the breach of fiduciary claim, and dismissal under Rule 12(b)(6) was appropriate.
Because this view appears to run contrary to the court’s opinion on this issue, I respectfully dissent, in part.