# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2524

_____

Irma Perez; John Espino; Joshua Espino; Jeremy Espino; Manuel Espino

*Plaintiffs - Appellants*

v.

John and Jane Does 1-10, All of Whom Are Named *Defendant*s in Their Individual Capacity; Rick Schmidt, All of Whom Are Named *Defendant*s In Their Individual Capacity; Raelee Van Winkle, All of Whom Are Named *Defendant*s In Their Individual Capacity; Jerry Esch, All of Whom Are Named *Defendant*s In Their Individual Capacity; Michael Doremus, All of Whom Are Named *Defendant*s In Their Individual Capacity; Kelly Scarlett, All of Whom Are Named *Defendant*s In Their Individual Capacity; Allen Sedlak, All of Whom Are Named *Defendant*s In Their Individual Capacity

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Nebraska - Lincoln

_____

Submitted: June 11, 2019
Filed: July 23, 2019

_____

Before LOKEN, KELLY, and ERICKSON, Circuit Judges.

_____

ERICKSON, Circuit Judge.

Irma Perez, John Espino, Joshua Espino, Jeremy Espino, and Manuel Espino (collectively "Plaintiffs") are Hispanic residents of Hastings, Nebraska. They were arrested in December 2011 on charges of conspiracy and witness tampering for their alleged actions in the aftermath of a domestic disturbance in Hastings. All charges were eventually dismissed. On April 7, 2016, Plaintiffs filed suit in Adams County (Nebraska) District Court, alleging a variety of state and federal claims against various city and county employees, the State of Nebraska, Adams County, and the City of Hastings.

At issue in this appeal is Plaintiffs' Second Amended Complaint, which was filed in the Adams County District Court, alleging only federal claims under 42 U.S.C. § 1983 against Rick Schmidt, Raelee Van Winkle, Jerry Esch, Michael Doremus, Kelly Scarlett, and Allen Sedlak (collectively the "Officer Defendants") and John and Jane Does 1-10 (collectively the "Doe Defendants"). The Second Amended Complaint alleges that the investigation, arrest, confinement, and prosecutions were racially motivated and violated the First, Sixth, Eighth, and Fourteenth Amendments. The Officer Defendants removed the case to the United States District Court for the District of Nebraska and moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

On April 9, 2018, the district court[1] granted the motion to dismiss, concluding that the § 1983 claims were time-barred and that Plaintiffs failed to state a claim upon which relief may be granted. On June 12, 2018, the district court denied Plaintiffs' motion to alter or amend the judgment. Plaintiffs now appeal, arguing that the district court erred by (1) granting the motion to dismiss and (2) denying the motion to alter or amend the judgment. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[1]The Honorable Robert F. Rossiter, Jr., United States District Judge for the District of Nebraska.

# I.    Background

## A.    *Allegations in the Second Amended Complaint*

In this appeal from a grant of a motion to dismiss, we accept as true the allegations in the Second Amended Complaint.  Varga v. U.S. Bank Nat'l Ass'n, 764 F.3d 833, 836 (8th Cir. 2014) (citation omitted).

During the early morning hours of August 13, 2011, a disturbance occurred at the 1200 block of North Lexington Street in Hastings involving several family members, friends, and acquaintances of Plaintiffs.  The Officer Defendants, each of whom is employed by the Hastings Police Department, responded to the scene.  Upon arrival the officers separated the involved parties and began to take witness statements.  Meanwhile, Perez called Alma Rosa Infante and asked her to help settle the disturbance.  When Infante arrived, she and her daughter spoke with several of the individuals involved to "determine what had caused the [d]isturbance, and what, exactly, had occurred" and to ensure that "the underlying complaint against their family member be fairly and fully investigated."  Plaintiffs and Infante did not intend to interfere with the Officer Defendants or their investigation.  Based on their investigation, the Officer Defendants arrested Juan Anthony Espino, who was later charged with five counts, including domestic assault.

Plaintiffs observed the interviews conducted by the Officer Defendants at the scene and believed that the officers were "more interested in coaching witnesses in order to build a criminal case against them or their family members, than they were interested in getting to the truth about the [d]isturbance."  The following day, the Officer Defendants "expanded their investigations in an attempt to make out cases of criminal conspiracy and witness tampering against the Plaintiffs and other of their family members . . . [without] a factual basis for doing so."  On August 15, 2011, Officer Doremus spoke to Shawn Parks, a cooperating witness or confidential

informant who was involved in some form in the disturbance. Officer Doremus told Parks, "Maybe if we put pressure on them and you put enough pressure on them, they'll get the hell out of this neighborhood."

On December 29, 2011, Plaintiffs were arrested by unnamed "law enforcement officers" pursuant to arrest warrants that were based upon "false and misleading information" that was more than ninety days old. Plaintiffs were held the next five days in maximum-security confinement and charged in county court with conspiracy and witness tampering. On December 19, 2011, or January 19, 2012, each of the Officer Defendants prepared an affidavit in cooperation with Adams County Attorney Alyson Keiser Roudebush to use in the prosecution.

On January 19, 2012, Plaintiffs appeared for their preliminary hearings, which were conducted on affidavit evidence alone over the objections of defense counsel. The cases were bound over to the Adams County District Court "in clear violation of their rights to due process and in violation of the Confrontation Clause." The first case proceeded to a jury trial and resulted in one of the Plaintiffs being acquitted. The other Plaintiffs filed pleas in abatement to contest the validity of their preliminary hearings. In October 2012, the state district court sustained their pleas and dismissed the charges, finding that there was "no evidence in the record to substantiate or bind over" and "no basis in statute or case law for preliminary hearings to proceed forward on affidavits only." Plaintiffs claim damages, asserting that the investigation, arrest, confinement, and prosecutions subjected them to ridicule and destroyed their good reputations.

### B.    Procedural History

The original Complaint was filed on April 7, 2016, in Adams County District Court. On September 27, 2016, Plaintiffs filed an Amended Complaint, stating eight

causes of action, seven arising under state law and a 42 U.S.C. § 1983 federal law claim.

In October 2016, the defendants jointly removed the action to the United States District Court for the District of Nebraska, and over the next few weeks various defendants filed motions to dismiss the Amended Complaint. On March 21, 2017, the district court dismissed the § 1983 claims without prejudice because (1) the State and its employees acting in their official capacities are not persons against whom a § 1983 claim for money damages may be asserted and (2) Plaintiffs failed to state a claim against the remaining defendants. The district court declined to exercise supplemental jurisdiction over the state-law claims and remanded the surviving claims to the state court.

Upon remand, the defendants filed motions to dismiss as well as a motion for summary judgment. The motions were set for hearing on July 10, 2017. Forty-three minutes before the motion hearing was to commence, Plaintiffs voluntarily dismissed the remaining state-law causes of action. That same day, the state court formally dismissed the Amended Complaint.[2]

On August 15, 2017, Plaintiffs filed a motion for leave to amend the now non-extant Amended Complaint, attaching a proposed Second Amended Complaint essentially restating all of the previously dismissed claims. On August 24, 2017, Plaintiffs filed an amended motion with an attached "revised" Second Amended Complaint, which now repled only the § 1983 claims against the Officer Defendants and Doe Defendants in their individual capacities.

---

[2]Under these circumstances, the state court judgment of July 10 disposed of the entire case.

On December 28, 2017, the state district court granted the amended motion for leave to amend. The state district court explained that a Nebraska court's discretion to deny leave to amend is limited and "appropriate only in . . . limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the nonmoving party can be demonstrated." The state district court found that "[n]one of those factors . . . are clearly evident in this case." The state court opinion is silent as to how a complaint that had been dismissed in its entirety could be amended, deciding instead that the relevant Nebraska rule that leave to amend "shall be freely given when justice so requires" controlled. On January 2, 2018, Plaintiffs filed the Second Amended Complaint.

The Officer Defendants once again removed the action to the United States District Court and moved to dismiss the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). On April 9, 2018, the district court granted the motion and dismissed the Second Amended Complaint. The district court concluded that the § 1983 claims against the Officer Defendants were time barred by the applicable four-year statute of limitations and that, in the alternative, Plaintiffs failed to state a plausible claim for relief against the Officer Defendants. With regard to the Doe Defendants, the district court noted the general prohibition against naming fictitious parties as defendants and concluded that Plaintiffs failed to make allegations specific enough to permit the identity of the Doe Defendants to be ascertained after reasonable discovery.

On May 7, 2018, Plaintiffs filed a motion to alter or amend the judgment pursuant to Federal Rules of Civil Procedure 59(e) and 60, arguing that the district court did not "consider[] . . . the amendments made to the Plaintiffs' complaint filed in the State District Court." On June 12, 2018, the district court denied the motion.

## II.    Discussion

### A.    *Jurisdiction*

As an initial matter, we address the Officer Defendants' argument, raised for the first time on appeal, that the district court lacked jurisdiction over the case following the second removal.  The Officer Defendants argue that under Nebraska law, once an entire case is voluntarily dismissed, the court lacks jurisdiction to consider any further motions or enter any further orders.  It follows, they argue, that the filing of the Second Amended Complaint and any subsequent state and federal proceedings are a nullity.

We have grave reservations about the state court's ability to amend an entirely dismissed complaint under Nebraska law.  That said, we need not determine whether it was permissible under Nebraska law for the state court to grant leave to amend and allow Plaintiffs to file the Second Amended Complaint.  Under the removal statute, 28 U.S.C. § 1441, the district court "is not precluded from hearing and determining any claim in [a civil action removed under that section] because the State court from which such civil action is removed did not have jurisdiction over that claim."  28 U.S.C. § 1441(f); see also St. Clair v. Fred Spigarelli, P.C., 348 F. App'x 190, 191 (8th Cir. 2009) (per curiam) (concluding that the district court erred by dismissing a "removed case on the basis of a state law venue defect" because the doctrine of derivative jurisdiction was abrogated by § 1441(f)); North Dakota v. Fredericks, 940 F.2d 333, 336–38 (8th Cir. 1991) (holding that the derivative jurisdiction doctrine has been completely abandoned).  It is sufficient that the district court had original jurisdiction over this action arising out of federal law and that the proper procedures for removal were followed.  Applying these principles we conclude the district court had jurisdiction over the § 1983 claims and the Second Amended Complaint is properly before us.

*B.    Pleading Standards*

We turn to the issues raised by Plaintiffs on appeal. Plaintiffs first contend that the district court erred by granting the motion to dismiss because (1) the § 1983 claims were not time-barred and (2) the Second Amended Complaint adequately pleads a claim upon which relief may be granted. Because the Second Amended Complaint did not meet federal pleading standards, we will not address the statute of limitations question.

We review the district court's grant of a motion to dismiss *de novo*, "accepting the well-pleaded allegations in the complaint as true and drawing all reasonable inferences in favor of the plaintiff." Varga, 764 F.3d at 838 (citing Fed. R. Civ. P. 12(b)(6)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). A claim has sufficient facial plausibility to survive where the plaintiff has pled enough facts to allow the court to reasonably infer that the defendant is liable for the alleged misconduct. Id. at 838–39 (citing Iqbal, 556 U.S. at 678).

The district court did not err in dismissing the claims against the Officer Defendants. Here the Plaintiffs' pleading consists almost entirely of non-specific conclusory allegations—mostly against the Officer Defendants as a group—and fails to provide enough factual detail to support a plausible claim that any of the Officer Defendants deprived them of their rights under the First, Sixth, Eighth, and Fourteenth Amendments. Plaintiffs have not pled any facts that tie any of the Officer Defendants' actions to the Plaintiffs' race or ethnicity. Nor have they shown how Plaintiffs were treated differently from any similarly situated non-Hispanic residents. Despite the claim that Plaintiffs' arrest and confinement were unlawful, no allegations tie any of the Officer Defendants to any wrongdoing related to Plaintiffs' arrest or confinement. The only actual alleged conduct attributable to the Officer Defendants

related to the investigation or prosecution does not plausibly give rise to a constitutional violation. Rather, the Second Amended Complaint consists mostly of legal conclusions and speculation, which is insufficient under Rule 12(b)(6). See Hamilton v. Palm, 621 F.3d 816, 817–18 (8th Cir. 2010) (citing Iqbal, 556 U.S. at 678).[3]

Likewise, the district court committed no error in dismissing the claims against the Doe Defendants. It is generally impermissible to name fictitious parties as defendants in federal court, but "an action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery." Estate of Rosenberg by Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995) (citations omitted). The allegations in the Second Amended Complaint regarding the Doe Defendants are not sufficiently specific to satisfy the exception to the general prohibition against fictitious parties. The Second Amended Complaint does not sufficiently allege who the Doe Defendants are, what they allegedly did, what their position is for the City, or any other facts that would permit the Doe Defendants to be noticed or identified through discovery.

Lastly, the district court did not clearly abuse its discretion when it denied Plaintiffs' motion to amend or alter the judgment. Plaintiffs have not pointed to any manifest errors of law or fact or demonstrated any exceptional circumstances that would justify this extraordinary relief. See United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006) (discussing Fed. R. Civ. P. 59(e)); Sellers v. Mineta, 350 F.3d 706, 716 (8th Cir. 2003) (discussing Fed. R. Civ. P. 60(b)).

---

[3]Plaintiffs' argument that the law of the case doctrine should govern is without merit. There is no indication that the state district court considered—let alone, ruled based on—federal pleading standards when it determined that amendment was not futile.

Plaintiffs' argument that the district court did not consider the amendments to their complaint is without merit.

## III.    Conclusion

For the foregoing reasons, we affirm the judgment of the district court.

_____