# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-1426
_____

B.A.B., Jr., a minor; Kinyata L. Allen, his Mother

*Plaintiffs - Appellants*

v.

The Board of Education of the City of St. Louis; Richelle Clark, St. Louis Public
School District, Lead Nurse

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: September 17, 2012
Filed: November 2, 2012

_____

Before WOLLMAN, LOKEN, and MURPHY, Circuit Judges.

_____

LOKEN, Circuit Judge.

Dunbar Elementary School in St. Louis administered the H1-N1 vaccine to students at the school in December 2009. B.A.B., a fifth grade student, was given an H1-N1 shot by Nurse Lula Franklin despite telling Franklin, and presenting a signed parental form confirming, that his mother, Kinyata Allen, did not consent to the vaccination. B.A.B. and his mother commenced this action in state court against the

St. Louis Board of Education ("the Board"), Nurse Franklin, and Lead Nurse Richelle Clark, asserting Fourth Amendment and substantive due process claims under 42 U.S.C. § 1983 and state law claims for negligence and negligent supervision. Defendants removed the action. After plaintiffs voluntarily dismissed Nurse Franklin, the district court[1] dismissed all claims against the Board and Nurse Clark for failure to state a claim. B.A.B. and Ms. Allen appeal, arguing the district court erred in dismissing the § 1983 claims against the Board for failure to train its employees and the negligent supervision claim against Nurse Clark. We affirm.

## I.

The Complaint alleged two § 1983 claims against Nurse Clark and the Board arising out of Nurse Franklin's vaccination of B.A.B. despite knowing there was no parental consent -- an unreasonable search and seizure in violation of B.A.B.'s Fourth Amendment rights (Count I), and a violation of Ms. Allen's Fourteenth Amendment parental right to direct the education and control the medical care of her child (Count II). The district court dismissed the § 1983 claims against Nurse Clark because, as Clark was only sued in her official capacity, the claims were redundant of plaintiffs' claims against her employer, the Board. Plaintiffs do not appeal that ruling. See Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010).

Turning to the § 1983 claims against the Board, the district court correctly noted that a local government entity may not be sued under § 1983 on a *respondeat superior* theory of liability, but may be subject to § 1983 liability for inadequate training of its employees that directly causes constitutional injury. See City of Canton v. Harris, 489 U.S. 378, 388 (1989); Monell v. New York Dep't. Soc. Servs., 436 U.S. 658, 694 (1978). Relying on Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), the district court

---

[1] The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

dismissed these claims because plaintiffs' failure-to-train allegations merely recited elements of their causes of action and asserted legal conclusions without sufficient factual support to make the claims plausible.

On appeal, B.A.B. and Ms. Allen argue the district court erred in dismissing their § 1983 claims against the Board because the Complaint sufficiently stated failure-to-train claims. Review of this contention requires a closer look at the Complaint. Plaintiffs alleged that the consent form did not state what type of vaccine would be administered; that a vaccine administered by nasal mist, as opposed to a shot, should not be used for children with asthma; that B.A.B. has asthma; that Ms. Allen marked the form stating she did not consent; that B.A.B. gave Nurse Franklin the form and told her that his mother did not consent; and that Nurse Franklin told B.A.B. that, "regardless of what his Mother said, he needed the shot because he had asthma." Regarding the Board's liability for failure to train, the Complaint alleged:

> 23. The [Board] and Defendant Clark failed to sufficiently train, oversee, and/or supervise the District's nursing staff with regard to issues of parental consent.
>
> 24. The Defendants' conduct shocks the conscience and indicates a reckless, deliberate and callous indifference to the well defined constitutional rights of the Plaintiffs.

It is well-established that § 1983 claims based on the Board's failure to train its employees require proof that "(1) the [Board's] training practices [were] inadequate; (2) the [Board] was deliberately indifferent to the rights of others in adopting them, such that the 'failure to train reflects a deliberate or conscious choice by [the Board]'; and (3) an alleged deficiency in the . . . training procedures actually caused the plaintiff's injury." Parrish v. Ball, 594 F.3d 993, 997 (8th Cir. 2010), quoting City of Canton, 489 US. at 389. Plaintiffs must prove that "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of

constitutional rights, that the policymakers of the [Board] can reasonably be said to have been deliberately indifferent to the need." Id. at 998, again quoting City of Canton. "'Deliberate indifference' entails a level of culpability equal to the criminal law definition of recklessness." Bender v. Regier, 385 F.3d 1133, 1137 (8th Cir. 2004). To survive a motion to dismiss, a complaint must allege sufficient facts "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Plaintiffs' Complaint did not come close to meeting these rigorous standards. The substantive due process claim of Ms. Allen required proof of conscience-shocking behavior. The Complaint alleged that Nurse Franklin told B.A.B. she would administer the vaccine by shot, not by nasal mist, the allegedly harmful alternative, because his asthma put him in need of the H1-N1 vaccination. However inappropriate it may have been to override Ms. Allen's refusal to consent, this was not conscience-shocking behavior by a public school nurse. B.A.B.'s Fourth Amendment claim failed to allege that he refused to consent to this minimally invasive procedure, only that he told Nurse Franklin his mother did not consent. Adding these insufficiencies to the inadequate and conclusory allegations regarding the Board's failure to train, we conclude these § 1983 claims were properly dismissed, either for failure to plead a plausible claim, or for failure to state a claim. See Schmidt v. Des Moines Pub. Schs., 655 F.3d 811, 815-17 (8th Cir. 2011).

## II.

In Count IV, the Complaint alleged state law claims against Nurse Clark and the Board for negligent supervision of the nursing staff and *respondeat superior* liability. Two weeks after the case was removed, the Board filed a motion to dismiss, arguing as to Count IV that it is entitled to sovereign immunity under Mo. Rev. Stat. § 537.600. Some months later, Nurse Clark filed her motion to dismiss, arguing as to Count IV that she had been sued in her official capacity and therefore is entitled to

sovereign immunity like her employer, the Board. Plaintiffs' Memorandum in Opposition to Clark's motion argued, as to Count IV, "it is well settled [under Missouri law] that sovereign immunity applies to public entities, not individuals," and the Complaint "in no way indicates that Defendant Clark is being sued in her official capacity with regard to Count IV." In a lengthy reply Memorandum, Clark asserted that Count IV stated only an official capacity claim barred by the Board's sovereign immunity, relying on Veatch and other Eighth Circuit cases establishing that a § 1983 complaint not expressly asserting an individual capacity claim states only an official capacity claim.

The district court dismissed Count IV, ruling that the Board is entitled to sovereign immunity -- a ruling plaintiffs do not appeal -- and that "all claims asserted against [Nurse Clark] are redundant of the claims asserted against [the Board]." Plaintiffs appeal the dismissal of their claims against Clark. Relying on Southers v. City of Farmington, 263 S.W.3d 603, 609-614 (Mo. banc 2008), they argue that "[t]he distinction between official capacity and individual capacity is not a distinction recognized under Missouri common law." Therefore, whether Clark has an immunity defense against the negligent supervision claims asserted in Count IV turns on state law doctrines of official immunity and public duty immunity that the district court did not address.

The assertion that Missouri law does not "recognize" the distinction between official capacity and individual capacity claims is incorrect. "Sovereign immunity, if not waived, bars suits against employees in their official capacity, as such suits are essentially direct claims against the state." Betts-Lucas v. Hartman, 87 S.W.3d 310, 327 (Mo. App. 2002), citing Edwards v. McNeill, 894 S.W.2d 678, 682 (Mo. App. 1995). Applying this principle in another recent case, the district court ruled that "[a] suit against a government employee in her official capacity is equivalent to a suit against the government entity itself, and sovereign immunity therefore also applies

-5-

with equal force in the context of official capacity claims." <u>Fischer v. Steward</u>, No. 4:07-CV-1798, 2010 WL 147865, at \*11 (E.D. Mo. 2010), citing <u>Betts-Lucas</u>.

Plaintiffs are correct that the Supreme Court of Missouri did not "recognize" this distinction in <u>Southers</u>. But the omission is not surprising -- the municipal employer of the individual defendants in <u>Southers</u> was not entitled to sovereign immunity, and therefore the immunity defenses asserted by the individual defendants turned on the individual capacity doctrines of official and public duty immunity. 263 S.W.3d at 618-622. There is dicta in the lengthy <u>Southers</u> opinion that can be read as implicitly overruling the official capacity distinction noted in <u>Betts-Lucas</u>, but like the district court's post-<u>Southers</u> decision in <u>Fischer</u>, we decline to do so.

The district court ruled that Nurse Clark was sued only in her official capacity and therefore is entitled to the sovereign immunity that defeats Count IV's negligent supervision claim against the Board. As the Complaint named as a defendant, "Richelle Clark, Lead Nurse, St. Louis Public School District," and alleged that Clark was "an employee and agent of the District acting within the course and scope of her employment and agency authority," we agree plaintiffs asserted only official capacity § 1983 claims. <u>See, e.g.</u>, <u>Veatch</u>, 627 F.3d at 1257. The parties' memoranda to the district court debated whether Missouri courts in considering a sovereign immunity defense would follow our rule that a § 1983 complaint that does not expressly assert an individual capacity claim states only an official capacity claim. The district court did not clearly address this issue in its Memorandum and Order. As plaintiffs do not raise the issue on appeal, we do not consider it.

Moreover, *if* Nurse Clark was sued in her individual capacity, we conclude that Count IV, assuming it stated a viable claim of negligent supervision, would be subject to the individual capacity defenses of official and public duty immunity as a matter of law. <u>See</u> <u>Nguyen v. Grain Valley R-5 Sch. Dist.</u>, 353 S.W.3d 725. 733 (Mo. App. 2011) ("supervisory conduct and policy making is discretionary and covered by

-6-

official immunity," citing <u>Southers</u>, 263 S.W.3d at 621); <u>Porter v. Williams</u>, 436 F.3d 917, 922-23 (8th Cir. 2006) (affirming the grant of official immunity under Missouri law because the alleged supervisory acts were discretionary); <u>accord</u> <u>State ex rel. Twiehaus v. Adolf</u>, 706 S.W.2d 443, 449 (Mo. banc 1986).

The judgment of the district court is affirmed.

_____