# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 22-3248

———————————————

Sarah Watkins

*Plaintiff - Appellant*

v.

City of St. Louis, Missouri; Police Officer Andrew Metcalf, in his individual and official capacities; Police Officer Bryant Morris, in his individual and official capacities; Police Officer Darryl Baker, in his individual and official capacities; Police Officer Justin Colombo, in his individual and official capacities; Police Officer Frederick Thompson, in his individual and official capacities; Police Officer Anthony Thompson, in his individual and official capacities

*Defendants - Appellees*

———————————————

Appeal from United States District Court
for the Eastern District of Missouri

———————————————

Submitted: November 16, 2023
Filed: May 29, 2024

———————————————

Before LOKEN, ERICKSON, and GRASZ, Circuit Judges.

———————————————

GRASZ, Circuit Judge.

Sarah Watkins sued the City of St. Louis, Missouri (the City), and six individual police officers under 42 U.S.C. § 1983, alleging the officers used

excessive force against her during a routine traffic stop. On appeal, Watkins challenges the district court's dismissal of her claims under Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, we reverse the dismissal of Watkins's Fourth Amendment excessive force claim, against the individual officers and affirm the dismissal of all remaining claims.

## I. Background[1]

Watkins was driving her vehicle near St. Louis Lambert International Airport when Officer Andrew Metcalf stopped her for a traffic violation. Officers Bryant Morris, Darryl Baker, Justin Colombo, and Anthony Thompson arrived soon after to assist Officer Metcalf.[2] From this point on, specific details are unclear; however, Watkins generally alleges the following. Officer Metcalf asked Watkins to step out of her car and step to the back of the vehicle. After she exited her vehicle, Officer Metcalf handcuffed her and, without warning, yelled at her. Then, Officer Metcalf forced Watkins either "into the front of her vehicle" or into "the front seat of Officer Metcalf's car." While Watkins was being forced into the vehicle, and even while she was restrained in a vehicle, the other officers pepper sprayed her and repeatedly hit her on the leg with a baton. At some point, the officers also pepper sprayed and hit Watkins "while she was on the ground." The officers eventually transported Watkins to a police station. Watkins was later treated for injuries to her legs, face, and body.

---

[1]At the motion to dismiss stage, we accept as true all facts alleged in the complaint and draw all reasonable inferences in Watkins's favor. *See Stanley v. Finnegan*, 899 F.3d 623, 625 (8th Cir. 2018).

[2]The complaint also named Officer Frederick Thompson as an individual defendant, including him among the officers who arrived to assist Officer Metcalf. The district court granted summary judgment in his favor because it was undisputed he was not on duty and not involved in the incident. Watkins does not challenge the summary judgment order on appeal.

Watkins sued the individual officers and the City under §§ 1983, 1985, and 1988, for violations of her Fourth, Eighth, and Fourteenth Amendment rights, and for conspiring to violate those rights. The district court dismissed the claims against the individual officers, holding the officers were entitled to qualified immunity on Watkins's Fourth Amendment excessive force claims.[3] The district court also dismissed the claims against the City, holding Watkins failed to allege facts sufficient to state a claim for municipal liability under § 1983 and *Monell v. Department of Social Services*, 463 U.S. 658 (1978). Watkins appeals, arguing the district court wrongly dismissed her claims under Rule 12(b)(6).

## II. Analysis

We review de novo Rule 12(b)(6) dismissals of claims based on qualified immunity. *See Kulkay v. Roy*, 847 F.3d 637, 641 (8th Cir. 2017). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Brown v. Linder*, 56 F.4th 1140, 1143 (8th Cir. 2023) (quoting *Kelly v. City of Omaha*, 813 F.3d 1070, 1075 (8th Cir. 2016)). "A claim is facially plausible" when the pleaded facts permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Hamilton v. Palm*, 621 F.3d 816, 817 (8th Cir. 2010)). Although Watkins must allege more than "mere 'labels and conclusions,' 'naked assertions,' or a 'formulaic recitation' of the elements of [her] claim," *id.* (quoting same), she "need not allege facts in painstaking detail," *Kulkay*, 847 F.3d at 642. Rather, "the facts alleged 'must be enough to raise a right to relief above the

---

[3]Watkins does not meaningfully challenge the district court's dismissal of her Eighth Amendment or Fourteenth Amendment substantive due process claims against the City and the individual officers. Additionally, as the district court observed, Watkins disclaimed 42 U.S.C. § 1985 conspiracy claims against the individual officers, and on appeal she fails to meaningfully advance an argument regarding a § 1985 conspiracy claim against the City. As a result, we do not consider any of Watkins's § 1985 conspiracy claims. *See United States v. Ruzicka*, 988 F.3d 997, 1006 (8th Cir. 2021).

speculative level.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## A. Individual Officers

We first consider Watkins's § 1983 claims against the individual officers, which the district court dismissed after finding the officers were entitled to qualified immunity. "Qualified immunity shields public officials from liability for civil damages if their conduct did not 'violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Dillard v. O'Kelley*, 961 F.3d 1048, 1052 (8th Cir. 2020) (en banc) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "Because qualified immunity is an affirmative defense, . . . it will be upheld on a 12(b)(6) motion only when the immunity is established on the face of the complaint." *Weaver v. Clarke*, 45 F.3d 1253, 1255 (8th Cir. 1995). To overcome qualified immunity at the motion to dismiss stage, a plaintiff "must plead facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *Dillard*, 961 F.3d at 1052 (cleaned up) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011)).

Because we draw all reasonable inferences in favor of Watkins and accept as true all her well-pled factual allegations at this early stage in the litigation, we conclude that Watkins pled sufficient facts to overcome qualified immunity on her Fourth Amendment excessive force claim.

Watkins sufficiently pled a violation of her Fourth Amendment right to be free from unreasonable seizures by alleging facts "show[ing] the amount of force used was objectively unreasonable under the particular circumstances." *Baude v. Leyshock*, 23 F.4th 1065, 1073 (8th Cir. 2022). "The Fourth Amendment prohibits unreasonable seizures." *Id.* at 1071. A seizure may be unreasonable when an officer uses excessive force. *See id.* at 1073. "We evaluate the reasonableness of the force by balancing the 'nature and quality of the intrusion on the individual's Fourth

Amendment interests against the countervailing governmental interest at stake.'" *Id.* (quoting *White v. Jackson*, 865 F.3d 1064, 1074 (8th Cir. 2017)). When balancing these interests, we must pay careful attention to the facts and circumstances of the case, such as "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight." *Id.* (quoting same). "Applying these factors, we have held time and again that, if a person is not suspected of a serious crime, is not threatening anyone, and is neither fleeing nor resisting arrest, then it is unreasonable for an officer to use more than *de minimis* force against [the person]." *Mitchell v. Kirchmeier*, 28 F.4th 888, 898 (8th Cir. 2022) (collecting cases).

Although Watkins's allegations are imprecise, her Fourth Amendment excessive force claims against the officers survive dismissal because she alleges she was restrained and nonresistant when the individual officers used force against her absent any police or penological purpose. *See Baude*, 23 F.4th at 1072–74; *Mitchell*, 28 F.4th at 898–99. Here, the complaint does not suggest Officer Metcalf suspected Watkins of a serious crime when he stopped her vehicle. Instead, from the face of the complaint, this was seemingly a routine traffic stop. The complaint also does not suggest Watkins threatened anyone, fled, or resisted arrest. Instead, the complaint alleges Watkins was already in handcuffs when the officers "sprayed her with pepper spray and repeatedly hit her on the leg with a baton." The officers continued to pepper spray and hit Watkins while she was restrained and pinned in a vehicle and then while she was on the ground. In *Mitchell*, we determined the plaintiff's allegation that "he simply stood with his hands above his head" while officers shot him with lead-filled bean bags created the reasonable inference that he was neither a threat nor fleeing or resisting arrest when the officers used force against him. *Mitchell*, 28 F.4th at 898. Similarly, at the motion to dismiss stage, Watkins's allegations are sufficient to create a reasonable inference that she was restrained and nonresistant when the individual officers applied force against her.

Under *Mitchell*, "the use of more than *de minimis* force in circumstances like these violates the Fourth Amendment" because the use of such force is not objectively reasonable. *Mitchell*, 28 F.4th at 898. In *Baude*, we examined pleadings that "paint[ed] a picture of a compliant individual among a generally peaceful and compliant crowd who was boxed into an intersection by police, pepper sprayed, and forcefully arrested." *Baude*, 23 F.4th at 1073. There, we determined the plaintiff's Fourth Amendment excessive force claim should survive dismissal because the pleadings did not support a finding that, as a matter of law, the force used against the plaintiff was objectively reasonable. *Id*. at 1074. The same is true here. Watkins alleged the officers sprayed and hit her "for the express purpose of inflicting pain and punishment and without any legitimate police purpose." Although she did not allege specific details about her own conduct during the traffic stop, Watkins did allege the pepper spraying and beating occurred "without warning" and "without provocation." She further pled any allegation she was "resisting arrest" was pretextual. Together, these allegations create the reasonable inference that the individual officers pepper sprayed and hit a compliant Watkins without any police or penological purpose. Taking these allegations as true, Watkins pled facts stating a facially-plausible claim that the officers used excessive force in violation of the Fourth Amendment.

We also conclude Watkins's Fourth Amendment right to be free from unreasonable seizure was clearly established at the time the traffic stop occurred in December 2016. *See Johnson v. Carroll*, 658 F.3d 819, 828 (8th Cir. 2011) (holding "the law was sufficiently clear to inform a reasonable officer that it was unlawful to throw to the ground and mace a nonviolent, suspected misdemeanant who was not fleeing or herself resisting arrest"); *Chambers v. Pennycook*, 641 F.3d 898, 907–08 (8th Cir. 2011) (holding gratuitous use of force was unreasonable when police kicked a restrained suspect several times, choked him, and drove in a manner to cause him to hit his head on the vehicle's dashboard); *Krout v. Goemmer*, 583 F.3d 557, 566 (8th Cir. 2009) (holding it was clearly established that officers' use of gratuitous force was objectively unreasonable when they kicked, punched, and kneed a handcuffed individual who was on the ground, fully subdued, and not

-6-

resisting). Thus, Watkins's Fourth Amendment claims satisfy the second prong of the qualified immunity analysis.

In sum, at this early stage of the litigation, Watkins has plausibly alleged a violation of a clearly-established constitutional right. "Unless and until discovery tells a different story, the officers are not entitled to qualified immunity." *Mitchell*, 28 F.4th at 899. Accordingly, we reverse the district court's dismissal of Watkins's Fourth Amendment excessive force claims against the individual officers.

## B. *Monell* Claim

We now address the district court's dismissal of Watkins's § 1983 claims against the City. "A municipality can be liable under § 1983 if an 'action pursuant to official municipal policy of some nature caused a constitutional tort.'" *Bernini v. City of St. Paul*, 665 F.3d 997, 1007 (8th Cir. 2012) (quoting *Monell*, 436 U.S. at 691). Specifically, "[§] 1983 liability for a constitutional violation may attach to a municipality if the violation resulted from (1) an official municipal policy, . . . (2) an unofficial custom, . . . or (3) a deliberately indifferent failure to train or supervise[.]" *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016) (internal quotation marks and citations omitted). Watkins "must prove that a municipal policy or custom was the 'moving force [behind] the constitutional violation.'" *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999) (alteration in original) (quoting *Monell*, 436 U.S. at 694).

To survive a motion to dismiss, Watkins's claims against the City must satisfy the same pleading standard as her claims against the individual officers. That is, Watkins "must allege facts sufficient 'to state a claim for relief that is plausible on its face.'" *Ulrich v. Pope County*, 715 F.3d 1054, 1061 (8th Cir. 2013) (quoting *Twombly*, 550 U.S. at 570). Conclusory assertions that are unsupported by facts will not satisfy this pleading standard. *Id. See also B.A.B., Jr. v. Bd. of Educ. of City of St. Louis*, 698 F.3d 1037, 1040–41 (8th Cir. 2012) (concluding dismissal was proper

where factual "insufficiencies" were added to "inadequate and conclusory allegations").

Watkins argues she is not required to specifically plead the existence of an unconstitutional policy or custom to withstand the City's motion to dismiss. This is true. *See Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004). But she still "must allege facts which would support the existence of an unconstitutional policy or custom." *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003). Dismissal is proper when a complaint does not contain any "allegations, reference, or language by which one could begin to draw an inference that the conduct complained of . . . resulted from an unconstitutional policy or custom . . . ." *Id*.

Although we hold Watkins has pled sufficient facts to support her § 1983 claims against the individual officers, we agree with the district court that Watkins has not alleged sufficient facts to support her § 1983 claims against the City on any of the *Monell* bases. First, Watkins has not alleged the existence of an unconstitutional official policy because she has not identified "a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Mettler*, 165 F.3d at 1204.

Second, Watkins has not alleged facts that support the existence of an unconstitutional unofficial custom. Watkins's complaint does not allege facts plausibly suggesting "(1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) an injury by acts pursuant to the government entity's custom." *Mitchell*, 28 F.4th at 899–900 (internal quotation marks and alterations omitted) (quoting *Ware v. Jackson County*, 150 F.3d 873, 880 (8th Cir. 1998)). Instead, Watkins simply makes conclusory assertions that such misconduct occurred. Indeed, the only facts in Watkins's complaint that might support these conclusory allegations are the facts of

her own arrest, and "[g]enerally, an isolated incident of alleged police misconduct . . . cannot, as a matter of law, establish a municipal policy or custom creating liability under § 1983." *Ulrich*, 715 F.3d at 1061.

Third, Watkins has not alleged facts stating a claim for failure to train or supervise. Watkins's complaint does not allege facts plausibly suggesting (1) the City's "officer training practices were inadequate;" (2) the City "was deliberately indifferent to the rights of others in adopting these training practices, and" the City's "failure to train was a result of deliberate and conscious choices it made;" and (3) the City's "alleged training deficiencies caused [Watkins's] constitutional deprivation." *Ulrich*, 715 F.3d at 1061. As before, Watkins's allegations are conclusory, and she does not assert specific instances or provide specific examples of inadequate officer training or supervising practices that could support an inference of an unconstitutional policy or custom.

Accordingly, we affirm the district court's dismissal of Watkins's § 1983 claims against the City.

## III. Conclusion

For the foregoing reasons, we reverse the district court's dismissal of Watkins's excessive force claims against the individual officers and affirm its dismissal of all other claims.

_____